

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00155-CR

MARVIN EUGENE HUDGINS A/K/A                              APPELLANT
MARVIN EUGENE HUGGINS

V.

THE STATE OF TEXAS                                             STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1204601D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Marvin Eugene Hudgins, a/k/a Marvin Eugene Huggins, appeals from the trial court's order revoking his deferred adjudication community supervision and adjudicating him guilty of aggravated assault with a deadly weapon. In one issue, Hudgins argues that the trial court abused its discretion

---

[1]*See* Tex. R. App. P. 47.4.

by finding that he had violated the terms of his deferred adjudication community supervision. We will affirm.

## II. BACKGROUND

Pursuant to a plea bargain, the trial court placed Hudgins on deferred adjudication community supervision on July 16, 2010. On June 4, 2013, the State filed a petition to proceed to adjudication alleging five violations: (1) having contact with the injured party, (2) failing to attend required MHMR appointments, (3) consuming alcohol, (4) failing to complete at least ten hours' community service restitution per month, and (5) failing to pay supervision fees.

At the hearing on the State's petition, Hudgins pleaded "not true" to each of the State's allegations. After hearing testimony, the trial court found the first four of the State's allegations true and State's allegation five not true. Thus, the trial court revoked Hudgins's deferred adjudication community supervision and adjudicated him guilty of aggravated assault with a deadly weapon. The trial court then sentenced Hudgins to fifteen years' incarceration, and this appeal followed.

## III. STANDARD OF REVIEW

Appellate review of the decision to adjudicate guilt is "in the same manner" as review of the revocation of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (West Supp. 2014). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492,

2

493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94. Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

## IV. NO ABUSE OF DISCRETION

In part of his sole issue, Hudgins argues that the trial court abused its discretion by finding true the State's allegation that he consumed alcohol. We disagree.

At the adjudication hearing, the State elicited testimony from Hudgins's probation supervisor, Melanie Ford. Ford stated that Hudgins had admitted drinking alcohol during his community supervision term. Specifically, Ford said that Hudgins admitted to drinking multiple beers. The State also introduced an

"admittance of use form" that Ford said was a form that Hudgins signed after he admitted to drinking alcohol. Ford also testified that drinking alcohol was a violation of one of the terms of Hudgins's community supervision.

Hudgins argues on appeal that the State failed to prove by a preponderance of the evidence that he violated this term of his community supervision because, even though he signed the admittance of use form, he also pleaded not true to the State's allegation. At a revocation hearing, however, it is the trial judge who is to determine the weight and credibility of the witnesses, and we cannot say that the trial court abused its discretion by choosing to believe Ford's testimony. *Cardona*, 665 S.W.2d at 493–94.

Reviewing the evidence in the light most favorable to the trial court's ruling, we hold that the State proved by a preponderance of the evidence that Hudgins violated the condition of his community supervision that required him to abstain from drinking alcohol. *See Dobbs v. State*, No. 06-09-00198-CR, 2010 WL 1463246, at *2 (Tex. App.—Texarkana Apr. 14, 2010, no pet.) (mem. op., not designated for publication) (reasoning that trial court was free to believe probation supervisor's testimony over Dobbs's regarding allegation that he had consumed alcohol).

Because proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order, we hold that the trial court did not abuse its discretion by revoking Hudgins's community supervision and adjudicating him guilty of

4

aggravated assault with a deadly weapon. *Moore*, 605 S.W.2d at 926. We overrule Hudgins's sole issue.

## V. CONCLUSION

Having overruled Hudgins's sole issue on appeal, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: WALKER and MEIER, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 16, 2015